UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIGIART, LLC,**

       **Plaintiff,**

v.                                     Case No: 6:22-cv-494-WWB-GJK

**DANNY CASALE,**

       **Defendant.**

### ORDER TO SHOW CAUSE[1]

This matter comes before the Court sua sponte. It is unclear whether the Court has subject matter jurisdiction. Therefore, Plaintiff must show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

On March 8, 2022, Plaintiff filed a complaint alleging claims for breach of contract, promissory estoppel, and misrepresentation/fraud in the inducement. Doc. No. 1. Plaintiff alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because it and Defendant are citizens of different states and the

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

amount in controversy exceeds $75,000.[2] *Id.* at ¶ 10. Plaintiff, a limited liability company, states the following regarding its organization:

> DigiART has two members: REJL Holdings, LLC and Collectifi, LLC, both of which are Florida limited liability corporations that own 50% of DigiART, respectively. Collectifi, LLC is owned 100% by Marcel Katz, a Florida resident. The members of REJL Holdings, LLC are OSC Group Holdings, Inc., a Florida corporation, and J. Levine Holdings, LLC, a Florida limited liability company. The individual owner of J. Levine Holdings, LLC is a Florida domiciliary.

*Id.* at ¶ 8. Regarding Defendant's citizenship, Plaintiff states that "[u]pon information and belief, [Defendant] is a resident of the State of New York, who works frequently in California." *Id.* at ¶ 9.

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff fails to adequately establish Defendant's citizenship.[3] There is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). In determining an individual's or entity's citizenship for purposes of diversity jurisdiction, the following rules

---

[2] The Complaint does not assert any claims arising under the Constitution, laws, or treaties of the United States. Doc. No. 1. Therefore, the Court does not have federal question jurisdiction over this case. 28 U.S.C. § 1331.

[3] The Court does not, at this time, have any reason to doubt that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

apply: 1) individuals are citizens of the states in which they are domiciled, which are the states where the individuals maintain their "true, fixed, and permanent home[s];" 2) a corporation is a citizen of the state in which it is incorporated and the state in which the corporation's principal place of business is located; and 3) unincorporated business entities, such as partnerships and limited liability companies, are citizens of every state in which each of its individual members are citizens. *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *Rolling Greens*, 374 F.3d at 1021 n.1. For purposes of diversity jurisdiction, an individual's citizenship is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Allegations made 'upon information and belief' are not sufficient to support jurisdictional allegations . . . ." *Payne v. Ivy*, Case No. 6:18-cv-3-GKS-KRS, 2018 WL 1155987, at *1 (M.D. Fla. Jan. 22, 2018), *report and recommendation adopted*, 2018 WL 1136609 (M.D. Fla. Mar. 1, 2018).

Plaintiff's assertion of Defendant's residency in New York based on information and belief is insufficient to establish Defendant's citizenship for purposes of diversity jurisdiction. Plaintiff also only asserts the residency of Katz, and not his citizenship. Doc. No. 1 at ¶ 8. Finally, Plaintiff fails to specifically identify the individual owner of J. Levine Holdings, LLC. *Id.*

Accordingly, it is **ORDERED** that:

1. **On or before March 24, 2022**, Plaintiff must show cause in writing why the claim for jurisdiction under 28 U.S.C. § 1332 should not be dismissed or disregarded due to deficient citizenship allegations. The response must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury. *See, e.g., Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (allowing defective allegations regarding citizenship to be cured through record evidence); and

2. **Failure to comply with this Order in the time provided may result in this case being dismissed without further warning.**

**DONE** and **ORDERED** in Orlando, Florida, on March 10, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record