UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIGIART, LLC,
        Plaintiff,

v.                                        Case No:   6:22-cv-494-WWB-DAB

DANNY CASALE,
        Defendant

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** MOTION TO STRIKE (Doc. 32)
>
> **FILED:** May 9, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:** MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 33)
>
> **FILED:** May 9, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff DigiArt, LLC filed suit against Defendant Danny Casale for claims relating to breach of a representation agreement. Defendant moves to strike certain

relief that Plaintiff seeks and for judgment on the pleadings dismissing the fraud claim.

## I. BACKGROUND

On March 8, 2022, Plaintiff filed a complaint alleging material breach of contract (Count I), promissory estoppel (Count II), and fraud in the inducement (Count III) (Doc. 1). *See* Doc. 1. Plaintiff alleges that it began expanding into the digital art business and partnering with digital artists to achieve this goal. *Id.* at ¶¶13-15. Between March and April 30, 2021, Plaintiff's agents engaged in five phone calls with Defendant to discuss a joint partnership whereby Defendant would create non-fungible tokens (NFTs) on an exclusive basis for Plaintiff, who would take responsibility for promotion and distribution. *Id.* at ¶21. Proceeds from the sales of these NFTs would be split 50-50 between Plaintiff and Defendant. *Id.* at ¶22. On April 30, 2021, Plaintiff and Defendant entered into and executed a signed agreement which gave Plaintiff the exclusive right to market and sell all NFTs produced by Defendant during the term of the agreement –- a one year term beginning May 2, 2021. *Id.* at ¶¶25-29. In exchange, Plaintiff agreed to use all commercially reasonable efforts to market and advertise Defendant's NFTs and otherwise promote his art. *Id.* at ¶30.

Following execution of the agreement, Plaintiff and its agents allegedly vigorously promoted Defendant's artwork, including a featured exhibition at the

Miami Art Week in December 2021. *Id*. at ¶¶35, 37-44. Around the same time, Plaintiff's agents organized a digital NFT auction during Art Basel at which it was able to set a baseline market for Defendant's forthcoming NFTs in addition to securing ENS domain names which it transferred to Defendant. *Id.* at ¶¶45-47. Plaintiff alleges it has additionally conducted numerous meetings with various collectors to promote and market Defendant's digital collection. *Id.* at ¶48.

Plaintiff alleges that it discovered Defendant—in violation of their agreement—had been marketing and selling his NFTs independently through platforms Metalink and OpenSea. *Id.* at ¶49. Defendant collected $3.6 million from one initial sale of his NFTs yet never offered the offending NFTs to Plaintiff for acceptance or rejection prior to sale, nor provided Plaintiff with its 50% share of the proceeds. *Id.* at ¶¶51-52. In February and March of 2022 Plaintiff sent Defendant letters providing notice and ample opportunity to cure his breaches, however Defendant's responses indicated his refusal to comply with the agreement. *Id.* at ¶¶ 54-55. Plaintiff filed its complaint on March 8, 2022. *See id*.

## II. LEGAL STANDARD

**A. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike

based on immateriality, insufficiency, or irrelevance are often considered "time wasters." *Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996). To strike a pleading, the matter sought to be omitted must have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice the party." *Reyher v. TransWorld Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted). Thus, because a movant rarely meets this standard, motions to strike generally are disfavored by the court. *United States ex rel. Chabot v. MLU Servs.*, Inc., 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008).

### B. Motion for Judgment on the Pleadings

Judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is generally appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002); *see Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232–33 (11th Cir. 2005). "A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368, at 248 (3d ed. 2004). Therefore, "federal courts have followed a fairly restrictive standard in ruling on motions for judgment on the pleadings. Although the motion may be helpful in

disposing of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further, . . . hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense . . . [and] has made federal judges unwilling to grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved." *Id.* § 1368, at 223.

The Court must accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). *Hart v. Hodges*, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009) (citing *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.2d 1209, 1213 (11th Cir. 2001)). On a Rule 12(c) motion the court may consider the defendant's answer, and the factual allegations of the answer are taken as true only to the extent they have not been denied or do not conflict with the complaint; all reasonable inferences and intendments from these facts are drawn in favor of the non-moving party. *See* WRIGHT & MILLER § 1368 at 230, 245 ("[A]ll of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.").

## III. ANALYSIS

**A. Motion to Strike**

In its Motion to Strike Plaintiff's claims for damages and specific performance, Defendant argues that Plaintiff's claims for consequential, incidental, and punitive damages should be struck because language in the disputed contract includes a waiver precluding the parties from recovering such damages. Doc. 32 at 3-4. It further argues that Plaintiff's claims for fraud and promissory estoppel arise out of the disputed contract and are therefore covered by the same damages waiver. *See id.* at 4-5.

Plaintiff's claim for damages is central to this litigation, not a redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Whether the underlying contract and its terms, including its provisions regarding damages, govern this case is a disputed factual issue ill-suited for resolution in a motion to strike. *See Reyher*, 881 F.Supp. at 577 ("However, whether or not the Plaintiff is a participant, whether the Plaintiff's payments were the correct amount, and whether he has a colorable claim to some future benefits is a factual issue which is disputed and, therefore, this motion must be resolved in the [nonmovant]'s favor."). Additionally, though not binding on this Court, the Ninth Circuit Court of Appeals has held that Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (noting that 12(f) motions are an inappropriate vehicle for seeking to dismiss portions of a complaint). Therefore, Defendant's Motion to Strike DigiArt's claims for damages is premature.

Defendant further contends that Plaintiff's request for specific performance is redundant and duplicative. Doc. 32 at 6. However, Plaintiff is entitled to plead its claims in the alternative. Fed. R. Civ. P. 8(a)(c); *see also Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D.Fla.1999) ("[a]lthough equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief"). Here, too, a Motion to Strike is an improper method for raising this issue. Particularly in this case, where Defendant seems to be denying that there is an effective contract, Plaintiff may allege a claim for specific performance.

Moreover, motions to strike are disfavored and Defendant has not offered sufficient arguments to overcome this presumption in its Motion to Strike. *United States ex rel. Chabot v. MLU Servs.*, Inc., 544 F. Supp. 2d 1326, 1330 (M.D. Fla. 2008).

**B. Judgment on the Pleadings**

Defendant argues in its Motion for Judgment on the Pleadings that Plaintiff's fraud claim violates the independent tort doctrine and is, in fact, indistinguishable from Plaintiff's breach of contract claim. However, in Florida, "[f]raudulent inducement is an independent tort in that it requires proof of facts separate and

distinct from the breach of contract." *Novak v. Gray*, 469 Fed.Appx. 811, 815 (11th Cir. 2012) (quoting *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 537 (Fla. 2004)).

Moreover, Defendant's Motion fails to address the matter of whether any dispute of material fact remains regarding this claim. Accepting all facts alleged in the Complaint as true and viewing them in the light most favorable to the Plaintiff, and by the language and substance of Defendant's own Motion, it is clear to the Court that a dispute of material fact remains in this claim. Defendant has failed to satisfy the high standard required for judgment at this early stage of the litigation.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Strike (Doc. 32) and Motion for Judgment on the Pleadings (Doc. 33) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

- 9 -

Recommended in Orlando, Florida on September 1, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record